**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4916**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

FIELDING LANIER BOLTON, III,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:17-cr-00150-MOC-WCM-1)

Submitted:  June 27, 2019                                  Decided:  July 9, 2019

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Theadore James Besen, TED J. BESEN ATTORNEY AT LAW, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fielding Lanier Bolton, III, pled guilty, pursuant to a written plea agreement, to one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012), and was sentenced to 60 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning: (1) whether Bolton's plea was knowing and voluntary, and (2) whether Bolton received effective assistance of counsel. Although advised of his right to file a pro se supplemental brief, Bolton has not done so. We affirm.

Because Bolton did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under this standard, Bolton "must demonstrate not only that the district court plainly erred, but also that this error affected [his] substantial rights." *Id.* at 816. A defendant who pleads guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea

2

agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). We have reviewed the record included on appeal and find that the district court committed no error, let alone plain error, in accepting Bolton's guilty plea.

Next, counsel suggests that Bolton received constitutionally ineffective assistance of counsel. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because the record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal. Bolton's argument is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion on the merits of Bolton's ineffective assistance of counsel claim.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bolton, in writing, of the right to petition the Supreme Court of the United States for further review. If Bolton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bolton. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*